IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHASMOND JAMES KRAUT, | § | |
| #57965-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | CIVIL NO. 3:24-cv-01804-K |
| | § | (CRIMINAL NO. 3:18-cr-462-K-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Chasmond James Kraut's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 6. On July 30, 2024, the court ordered Movant to address why his motion should not be dismissed as untimely and Movant responded. Doc. 8; Doc. 9. Upon review of the relevant pleadings and applicable law, Movant's § 2255 motion is summarily **DISMISSED WITH PREJUDICE** as time barred.

I.

In 2021, Movant pleaded guilty to two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). On October 6, 2021, the court sentenced Movant to concurrent terms of 60 months' imprisonment. Crim. Doc. 53. Movant did not file a direct appeal. On July 8, 2024, he filed a *pro se* motion for appointment of counsel, challenging his convictions for felon in possession of a firearm based on the new Supreme Court's opinion in *United States v. Rahimi*, 602

U.S. ---, 144 S. Ct. 1889 (2024). Crim. Doc. 55. He requested that his "unconstitutional 922G conviction be overturned or at minimum reviewed ... for potential impact under *Rahimi*." *Id.*

Considering his *pro se* status, the court recharacterized Movant's request as a motion to vacate sentence under 28 U.S.C. § 2255. Crim. Doc. 58. On July 25, 2024, Movant filed an amended motion on the § 2255 form in response to the court's deficiency order. Doc. 6. He appears to allege that a subsequent "change in [the] law," specifically the Supreme Court's decisions in *United States v. Bruen* and *United States v. Rahimi*, render his convictions under 18 U.S.C. § 922(g)(1), for felon in possession of a firearm, unconstitutional. Doc. 6 at 5. As the motion appeared untimely, the court directed Movant to respond regarding the application of the one-year limitations period, which he has now done. Doc. 8; Doc. 9.

Upon review, however, the court concludes that Movant's § 2255 motion is barred by the applicable limitations period. Thus, his § 2255 motion should be summarily dismissed.

## II.

A motion under 28 U.S.C. § 2255 is subject to initial review and summary dismissal when appropriate. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides: "If it plainly appears from the motion, any attached exhibits,

and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

### A. The § 2255 Motion is Time Barred

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The court may consider the limitations period *sua sponte* after providing notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). The one-year period begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Supreme Court has held that a judgment of conviction becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003). Under § 2255(f)(1), Movant's judgment of conviction became final on October 20, 2021, the last day he could have filed a timely

direct appeal from the October 6, 2021 judgment. Crim. Doc. 53; *see* Fed. R. App. P. 4(b)(1)(A) (providing 14 days to file a notice of appeal). Calculated from that date, Movant's § 2255 motion was due by October 20, 2022. Movant, however, did not file his construed § 2255 motion until July 8, 2024— considered filed on July 2, 2024, when he signed it and likely also handed it to prison officials for mailing. Doc. 2; *see* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use jail/prison's mail system). Thus, Movant's § 2255 motion is untimely under § 2255(f)(1).

To overcome the limitations period, Movant appears to rely on § 2255(f)(3). Doc. 9. He cites *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, --- U.S. ---, 144 S. Ct. 1889, 1897-98 (2024). Doc. 9 at 1. Ostensibly, he asserts that the Supreme Court decisions created a new rule of constitutional law that applies retroactively for purposes of § 2255(f)(3). Since *Rahimi* was decided recently, Movant adds that he has "one year to file an initial 2255 that my 922G conviction is unconstitutional in light of Rahimi." Doc. 9 at 1.

Movant's reliance on § 2255(f)(3) is unavailing, however. Under that section, § 2255 applicants have "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting 28 U.S.C. § 2253(f)(3)). Section

2255(f)(3) applies only if the right has been (1) "newly recognized" by the Supreme Court and (2) made retroactively applicable to cases on collateral review. *Id*. at 358. To decide "whether the Supreme Court initially recognized the asserted right, and thus whether the § 2255(f)(3) clock has been reset," the court must first "determine if a case announces a 'new rule' that may be asserted retroactively on collateral review." *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019) (citations omitted). "'[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.'" *Id.* at 507 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

Neither *Bruen* nor *Rahimi* announced a "new rule" that invalidated 18 U.S.C. § 922(g)(1)—the federal statute that prohibits felons from possessing firearms. The Supreme Court in *Bruen* stated plainly that the Second Amendment protects not the rights of felons but the rights of "ordinary, law-abiding citizen[s]...." 597 U.S. at 1, 9. In *District of Columbia v. Heller*, the Supreme Court recognized "longstanding prohibitions on the possession of firearms by felons" as lawful limitations on the right to bear arms. 554 U.S. 570, 626-27 (2008); *see also McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 786 (2010) (Alito, J.) (plurality opinion) (same). Even the dissent in *Bruen* acknowledged that the opinion "cast[s] no doubt on that aspect of *Heller*'s holding" prohibiting felons from possessing firearms. *Bruen*, 597 U.S. at 129 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting).

The Supreme Court did the same in its decision in *Rahimi*, 144 S. Ct. 1889, 1897-98, which involved a challenge to the constitutionality of 18 U.S.C. § 922(g)(8). Significantly, *Rahimi* did not involve a challenge to the provision underlying Movant's conviction nor did it broaden the scope of the Second Amendment's protections. The Court clarified the scope of the history and tradition test and cited favorably to *Heller's* statement "that many [ ] prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 144 S. Ct. at 1902 (quoting *Heller*, 544 U.S. at 626). The Court also found that § 922(g)(8) was facially constitutional under the Second Amendment. *Id.* In so holding, the Supreme Court decided that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 1903.

Recently, the Fifth Circuit Court of Appeals has also rejected facial and as-applied challenges to 18 U.S.C. § 922(g)(1) in its decision in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024). The Court applied the historical analysis required by *Bruen* and refined in *Rahimi*. In doing so, the Court found that the regulation of firearm possession by felons is "consistent with this Nation's historical tradition of firearm regulation." *Diaz*, 116 F.3d at 472. The Court then held that § 922(g)(1) is constitutional in at least one application—as applied to a defendant with predicate convictions for car theft, evading arrest, and possessing a firearm as a felon. *Id.*

Page **6** of **9**

Additionally, district judges in the Northern District have held that § 922(g)(1) "passes constitutional muster" post *Bruen*. *See United States v. Robinson*, 680 F. Supp. 3d 737, 740-41 (N.D. Tex. 2023) (Godbey, J.); *United States v. Zelaya Hernandez*, 678 F. Supp. 3d 850, 858 (N.D. Tex. 2023) (Boyle, J.); *United States v. Thenstead*, No. 3:22-CR-00359-E, 2023 WL 8850766, at *5 (N.D. Tex. 2023) (Brown, J.).

Based on the above, the court finds that § 922(g)(1) remains constitutional post *Rahimi* and *Bruen*. The holdings in *Rahimi* and *Bruen* did not announce a new rule that may be asserted retroactively on collateral review. Further, given that *Rahimi* dealt with a different provision than the one involved here, upheld the constitutionality of that provision, and simply applied the preexisting methodology for evaluating the constitutionality of firearms regulation, Movant cannot raise any plausible claim under *Rahimi*.

Movant thus fails to prove that *Rahimi* and *Bruen* created a newly recognized and retroactive right that would initiate a new habeas limitations clock under § 2255(f)(3). *See United States v. Mayberry*, No. CIV-24-768-R, 2024 WL 4376159, at *2 (W.D. Okla. Oct. 2, 2024) ("Defendant . . . failed to establish that *Rahimi* recognized a new right that [was] made retroactive on collateral review such that the time limits outlined in § 2255(f)(3) would apply."); *Contreras-Orosco v. United States*, 3:23-CV-0186-M-BK, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024) (holding *Bruen* did not reset the statute of limitations under § 2255(f)(3) (N.D. Tex. Sep. 27,

2024) (Lynn, J.); *Davis v. United States*, No. 3:23-CV-2104-D, 2024 WL 2854268, at *2 (N.D. Tex. June 5, 2024) (Fitzwater, J.) (same). *See also Najar v. Cox*, No. 2:23-CV-00015, 2023 WL 11857604, at *8 (S.D. Tex. Mar. 16, 2023) (concluding "*Bruen* did not recognize a new right" and no court has held that it applies retroactively to cases on collateral review), *R.&R. adopted*, No. 2:23-CV-00015, 2023 WL 11857650 (S.D. Tex. Apr. 12, 2023).

Lastly, if Movant were to rely solely on *Bruen*, his motion is also untimely because he did not file it within one year of the *Bruen* decision. *See Dodd*, 545 U.S. at 357; *Jasso v. United States*, No. 2:23-CV-192-D, 2024 WL 733635, at *2 (N.D. Tex. Feb. 22, 2024) (Fitzwater, J.) ("[E]ven if . . . *Bruen* provides a newly recognized right that retroactively applies . . . [Movant's] motion is untimely because he did not file it within one year of . . . *Bruen*.").

In sum, § 2255(f)(3) is inapplicable here. Thus, Movant's § 2255 motion is clearly outside the one-year limitations period.

### B. There is No Basis for Equitable Tolling

Movant posits no facts from which the court can find that equitable tolling applies. Doc. 9. Even when liberally construed, his pleadings present no argument or fact suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion earlier, and no grounds for equitable tolling are apparent to the court. *See Lawrence v. Florida*, 549 U.S.

327, 336 (2007) (finding that equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").

Accordingly, Movant cannot carry his burden of establishing that equitable tolling is warranted here.  *See United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008).

III.

For all these reasons, Movant's motion to vacate sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; 28 U.S.C. § 2255(f).

SO ORDERED.

Signed October 22nd, 2024.

_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE